INZER, Justice.
Appellant, Illinois Central Railroad Company brought suit against appellee, Clarence Aldy, in the Circuit Court of Attala County. It sought to recover $6,160.02 as damages to two of its passenger coaches because of the alleged negligence of the ap-pellee.
This suit grew out of a collision between a 1959 Model GMC Truck owned by Fred Ellis and operated by appellee, and appellant’s passenger train, City of New Orleans. The collision occurred at Sloan’s crossing in Madison County at about 10:50 a. m. o;i *682 June 14, 1962. The train was proceeding north between Jackson and Canton on its regular run. The truck, heavily loaded with gravel, was approaching the crossing from the east on a graveled county road that intersected and crosssed the railroad. As the train passed over this crossing, it was hit by the truck near the rear of the first passenger coach. This coach and the coach immediately behind were damaged.
The testimony on behalf of the appellant was to the effect that its train was equipped with not only all the signaling equipment required by law, but also a light known as a Mars Light that was operating at the time of the collision. The engineer and fireman testified that the bell was ringing constantly from the time the train left Jackson until after the collision occurred. They said that the horn was sounded as required by law. The train was traveling about eighty miles per hour, and as it approached the crossing, they saw the truck approaching the crossing from the east. They both testified that they watched the truck, and that the appellee failed to stop, look or listen and drove his truck into the side of the train. The conductor also testified that the statutory signals were given.
Appellee testified that he was familiar with this crossing having driven across it many times prior to the collision. At the time of the accident, he was using the truck to haul gravel for the construction of Interstate Highway 55. When he reached a point about fifty feet from the track, he stopped his truck and looked and listened for a train. His vision was obstructed by the tall weeds and bushes that had been allowed to grow on the Railroad right-of-way. He could not see the train and did not hear it. He put his truck in low gear and started forward up the incline to the crossing, continuing to look and listen for the train, but he did not see or hear it until he was near the track. He estimated the speed of the train to be in excess of eighty miles per hour, and as soon as he saw it, he immediately applied his brakes, but was unable to stop prior to hitting the train. He was able to lock the wheels on the trailer and therefore prevented the truck from being dragged by the train. The truck was damaged, and appellee was shaken up, but not seriously injured. On the day following the accident, Mr. G. M. Diegel, a representative of the appellant, took a statement from ap-pellee relative to the accident. Appellee was unable to read, but could sign his name, and did sign the statement. On cross-examination as an adverse witness, appellee was questioned relative to this statement. He admitted that he signed the statement, but contended that he could not read, and that the statement was not read to him by Mr. Diegel. The trial judge in the absence of the jury required appellant’s counsel to read the entire statement to ap-pellee before cross-examining him relative to it. He also required that appellee’s counsel be allowed to see the statement, and allowed him to question appellee about it before he was cross-examined before the jury. This action on the part of the trial judge is assigned as one of the errors on this appeal. It is contended that appellant was entitled to cross-examine this witness relative to the statement without giving his counsel an opportunity to coach him by questioning him about the statement. It developed that appellee’s counsel had never seen the statement, and appellee had informed him that he had signed something which was represented to him to be a release. Appellee denied that he had ever told Mr. Diegel that he did not stop for the crossing. We do not think that this action on the part of the trial judge was error. Appellant was given full opportunity to cross-examine appellee relative to the statement in the presence of the jury. It is elementary that appellee’s counsel had the right to see the statement before he was questioned relative to its contents. Appellant contends that it lost the element of surprise by this procedure. One of the functions of the trial judge is to see that the trial of a case is fairly and im *683 partially conducted, and lie has broad discretion in this regard. In this instance, he was justified in following the course that he did, and his action was not error.
The issues raised by the pleadings and the evidence were submitted to the jury, and they returned a verdict in favor of the appellee. A judgment was entered accordingly, and a motion for a new trial was overruled. Appellant then appealed to this Court.
 Appellant contends that the action of the trial court in refusing to grant its request for peremptory instruction was error. In considering this contention, we must, of course, view the evidence in its light most favorable to appellee. When this is done, we are of the opinion that the request for a peremptory instruction was properly refused. The testimony of ap-pellee considered in its most favorable light was sufficient to make an issue for the jury, and if believed by the jury, to warrant it in finding that he was not guilty of any negligence that caused or contributed to the accident.
The next assignment of error deals with the instructions to the jury on behalf of appellee. We think this assignment of error is well taken. Instruction No. 4 is in the following language:
The Court instructs the Jury for the defendant, Clarence Aldy, that if you believe from the evidence that, at the time and place of the accident in question, the train of the Illinois Central Railroad Company was being run at an unlawful rate of speed under the conditions then prevailing, then in that event, the plaintiff railroad Company was guilty of negligence, and if you further believe that such negligence was the sole proximate cause of th (sic) injury, then you must find for the defendant.
The crossing involved in this case is a country crossing, and in the absence of legislation, no rate of speed is of itself negligence. In this connection, we said in New Orleans & Northeastern Railroad v. Phillips, 252 Miss. 438, 172 So.2d 414 (1965) that:
The rule applicable to the facts of this case may be summarized as follows: In the absence of a statute, no rate of speed at crossings is negligence per se. However, speed in the operation of trains even at country crossings may be negligence at common law, where the conditions surrounding the crossing make it more than ordinarily hazardous or dangerous. Nevertheless, the fact that there is a curve in a track near a crossing which obstructs the view of the crossing by the engineer of the train, so that it cannot be stopped after it rounds the curve at the rate of speed it is going, does not make the crossing an extraordinarily dangerous or hazardous one, even though the collision happens in the nighttime, nor does it make jury issues on the questions of whether the crossing was more than ordinarily hazardous or dangerous, or of negligent speed, lookout and control. The essential issue is, what is a reasonable rate of speed under the circumstances, and this depends upon the question as to whether the crossing is unusually dangerous and hazardous. * * *
The key to the application of the foregoing rule is whether the crossing is an unusually dangerous one. Where a railroad crossing has a peculiar or dangerous environment, reasonable care may require additional warnings and safeguards for those traversing such a crossing. * * * (252 Miss, at 449-450, 172 So.2d at 419)
The quoted instruction could have led the jury to believe that the fact that the evidence showed that the train was running at a speed of about eighty miles per hour constituted a violation of the law, and thus was negligence, which was the sole cause of the accident. There was no other instruction to the jury relative to *684 the question of speed, and therefore, the error in granting this instruction was not cured.
Instruction No. 5 for appellee instructed the jury that if the appellant allowed tall weeds to grow along the side of the crossing which obstructed the vision of drivers using the road that intersected the railroad at the point of the accident, then in that event, appellant was guilty of negligence. This instruction as written is erroneous. It does not confine its application to weeds and bushes that obscured the vision of appellee as he approached the crossing. Neither does it confine its application to the right-of-way of the appellant.
Instruction No. 7 is as follows:
The Court instructs the Jury for the defendant, Clarence Aldy, that the plaintiff in this case has the burden to prove by a preponderance of the testimony that each item sued on, including labor, material, and an arbitrary percentage covering retirement pay, holiday pay, and other such expense, was reasonable, proper and necessary, and unless the plaintiff has so proved by a preponderance of the testimony each of these essentials, then it is your sworn duty to return a verdict for the defendant.
This instruction deals with damages, and ordinarily we would not consider it because the jury found for ap-pellee on the issue of liability. However, it is readily observed that the jury could have construed this instruction to mean that the appellant had the burden of proving by a preponderance of the evidence every item of damage sued on, and if it failed to prove any single item, then there must be a finding in favor of appellee. If the jury construed the instruction in this manner, it could have found for ap-pellee solely for the reason that the appellant had failed to prove every item of damage sued upon.
In view of these erroneous instructions, we are compelled to reverse and remand this case for a new trial. The evidence presents a very close question as to liability, and we cannot say that these erroneous instructions were harmless. This is not a case for the application of Rule 11 of this Court There are other errors assigned, but we do not deem it necessary to discuss them since they will probably not arise on second trial of this case.
For the reasons stated, this case must be reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.